[No. B091797. Second Dist., Div. Seven. July 16, 1996.]

THE PEOPLE, Plaintiff and Appellant, v
GERALDO HERNANDEZ RAMOS, Defendant and Respondent.

## COUNSEL

Gil Garcetti, District Attorney, Diana L. Summerhayes and Moira J. Curry, Deputy District Attorney, for Plaintiff and Appellant.

Michael P. Judge, Public Defender, Albert J. Menaster, Eric Zucker, Alex Ricciardulli and Paula Montez, Deputy Public Defenders, for Defendant and Respondent.

## OPINION

**WOODS, J.**—Applying the principles of *People* v. *Superior Court* (*Romero*) (1996) 13 Cal.4th 497, 531 [53 Cal.Rptr.2d 789, 917 P.2d 628], we hold that

although the trial court had discretion to dismiss a "strike" it abused that discretion by doing so "simply because a defendant pleads guilty." (*Ibid.*) We reverse and remand.

## FACTUAL AND PROCEDURAL BACKGROUND

Twenty-nine-year-old Geraldo Hernandez Ramos (respondent), an unemployed illegal alien, was arrested July 12, 1994, after selling $100 worth of cocaine to an undercover Burbank police officer. Respondent had sold $100 worth of cocaine to the same officer on July 6, 1994.

Respondent was charged with two counts of Health and Safety Code section 11352, subdivision (a). It was also alleged as to each count that he had been convicted of first degree burglary, a serious felony (Pen. Code, § 667, subds. (b)-(i)), on August 8, 1986.[1]

On January 17, 1995, over the objection of the prosecutor, the trial court offered respondent the following deal:[2] "If you plead guilty to everything, what I would do is strike the serious felony conviction, deny probation, [and] sentence you to state prison for three years."

Respondent accepted the deal. He was then advised of his rights, waived those rights, pleaded no contest to both charges, and admitted the prior serious felony allegation. The trial court accepted the plea and found the prior serious felony allegation true.

Then, over the objection of the prosecutor, the trial court kept its promise by dismissing the serious felony allegation and imposing a concurrent, low three-year term on each count. This People's appeal followed.

---

[1]According to respondent's probation report, he had been convicted of *two* counts of first degree burglary on that date. Why the district attorney alleged only one conviction is not explained by the record. The probation report further reveals respondent was placed on drug diversion in November 1984. Following respondent's first degree burglary convictions he was placed on probation. However, almost immediately, he was again found under the influence of a controlled substance, convicted (Health & Saf. Code, § 11550, subd. (a)), found in violation of his burglary probation and sentenced to state prison. He was paroled July 20, 1987, and on that same date deportation proceedings were commenced.

[2]Penal Code section 667, subdivision (g) states: "Prior felony convictions shall not be used in plea bargaining as defined in subdivision (b) of Section 1192.7." This latter section defines "plea bargaining" as "*any* . . . discussion between a criminal defendant . . . and a . . . judge, whereby the defendant agrees to plead guilty or nolo contendere, in exchange for any promises . . . by the . . . judge relating to . . . the sentencing of the defendant." (Italics added.)

Similar deals by the trial court were offered to and accepted by two codefendants.

## DISCUSSION

■ As *People* v. *Superior Court (Romero)*, *supra*, 13 Cal.4th 497 makes clear, a trial court has discretion to dismiss a "strike" in the interest of justice. (*Id.*, at pp. 523-524.) But as *Romero* also makes clear: "A court's discretion to strike prior felony conviction allegations in furtherance of justice is limited. Its exercise must proceed in strict compliance with [Pen. Code] section 1385(a), and is subject to review for abuse." (*Id.*, at p. 530.)

In the words of *Romero*, "A court . . . abuses its discretion by dismissing . . . a sentencing allegation, simply because a defendant pleads guilty." (13 Cal.4th at p. 531.)

The trial court, in plain words, agreed to dismiss the sentencing allegation (the first degree burglary conviction, a serious felony) "*if*" the defendant pleaded guilty. No other factor or consideration was stated. When the trial court consummated the agreement—after the defendant pleaded guilty—by dismissing the "sentencing allegation" it abused its discretion.

We shall direct the trial court to vacate its order dismissing the serious felony allegation, to vacate the sentence, and to permit defendant to withdraw his nolo contendere plea and admission of the felony conviction allegation.

We express no view concerning whether or not the trial court, upon remand, should or should not exercise its limited discretion as outlined by *Romero*. (13 Cal.4th at pp. 530-532.)

## DISPOSITION

The judgment is reversed. The matter is remanded to the trial court with directions to vacate its order dismissing the prior serious felony allegation, to vacate the sentence, and to permit defendant to withdraw his nolo contendere plea and admission of the felony conviction allegation.

Further proceedings shall be consistent with the views here expressed.

Lillie, P. J., and Johnson, J., concurred.

A petition for a rehearing was denied July 31, 1996, and respondent's petition for review by the Supreme Court was denied October 16, 1996. Mosk, J., was of the opinion that the petition should be granted.