[No. S055920. Aug. 28, 1997.]

THE PEOPLE, Plaintiff and Respondent, v.
SCOTT ROBERT FUHRMAN, Defendant and Appellant.

**COUNSEL**

Roberta K. Thyfault, under appointment by the Supreme Court, for Defendant and Appellant.

Charles H. James, Public Defender (Contra Costa) and Ron Boyer, Deputy Public Defender, as Amici Curiae on behalf of Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Gary W. Schons, Assistant Attorney General, M. Howard Wayne, Robert M. Foster and Laura Whitcomb Halgren, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

GEORGE, C. J.—We granted review in this case to address three issues involving the interpretation of Penal Code section 667, subdivisions (b) through (i), commonly known as the "Three Strikes" law.[1] The first issue is whether, when a defendant has been convicted of more than one violent or serious felony offense in a single prior proceeding, each conviction may be counted as a "strike" under the Three Strikes law, or whether, as a general matter, a prior conviction may be counted as a separate strike only if it was "brought and tried separately" from another prior conviction that is to be used as a strike.[2] The second issue is whether, assuming that a prior conviction generally may be counted as a strike even if it was not "brought

---

[1]Subsequent statutory references are to the Penal Code unless otherwise specified.

Although this case arises under the legislative version of the Three Strikes law (§ 667, subds. (b)-(i)), the views expressed in this opinion apply equally to the initiative version of the statute (§ 1170.12), since the applicable language is identical in both versions.

[2]We use the term "strike" to describe a prior felony conviction that qualifies a defendant for the increased punishment specified in the Three Strikes law. (See § 667, subd. (d) [defining "prior conviction of a felony" for purposes of the Three Strikes law]; see also *People* v.

and tried separately" from another qualifying prior conviction, the prior conviction still may be counted as a strike if the sentence on the conviction was stayed under the compulsion of the provisions of section 654. The third issue is whether a defendant who was sentenced under the Three Strikes law prior to the filing of our decision in *Romero, supra,* 13 Cal.4th 497, is entitled, on appeal, to have the matter remanded to the trial court for reconsideration of the sentence in light of *Romero* where the record is silent as to whether the trial court understood that it retained discretion under section 1385 to dismiss a prior felony conviction allegation in furtherance of justice, or instead must seek relief through a petition for writ of habeas corpus.

With regard to the "brought and tried separately" issue, we conclude that a prior qualifying conviction need not have been brought and tried separately from another qualifying conviction in order to be counted as a separate strike. With regard to the section 654 issue, we conclude that because of the peculiar circumstances of this case, this is not an appropriate vehicle for deciding this issue. As we shall explain, although the trial court in a prior proceeding stayed the sentence on one of defendant's prior convictions pursuant to section 654, it is clear from the record of the prior proceeding that a stay was not warranted under well-established principles related to section 654. Under these circumstances, we believe it is appropriate to reserve the section 654 issue for resolution in another case presenting this issue—*People* v. *Benson* (1997) 54 Cal.App.4th 282 [62 Cal.Rptr.2d 690], review granted July 23, 1997 (S061678)—that is pending before our court. Finally, with regard to the "silent record" issue, we conclude that a remand on appeal is not required in such a case, and that a defendant instead must seek relief through a petition for writ of habeas corpus.

## I.

### A.

Based upon a vehicle theft discovered on May 24, 1994, and the robbery of a bank committed later that day, defendant was charged in the current proceeding with one count of robbery (§ 211) and one count of unlawfully driving or taking an automobile (Veh. Code, § 10851). It also was alleged that defendant personally used a dangerous or deadly weapon in the commission of the robbery. (§§ 12022, subd. (b), 1192.7, subd. (c)(23).) Further, it was alleged that defendant previously had suffered (1) one prior serious felony conviction within the meaning of section 667, subdivision (a) (based

---

*Superior Court (Romero)* (1996) 13 Cal.4th 497, 505 [53 Cal.Rptr.2d 789, 917 P.2d 628] *(Romero),* citing §§ 667.5, subd. (c) [defining "violent felony"], 1192.7, subd. (c) [defining "serious felony"].)

upon a conviction for robbery entered on July 10, 1989), (2) two prior prison terms within the meaning of section 667.5, subdivision (b) (based upon a conviction for vehicle theft entered on January 11, 1988, and a conviction for escape entered on June 19, 1989), and (3) two prior serious or violent felony convictions that were alleged as strikes within the meaning of section 667, subdivisions (c) and (e) of the Three Strikes law (based upon convictions for robbery and assault with a deadly weapon, both entered on July 10, 1989). (The circumstances relating to the two convictions alleged as strikes are discussed below.)

A jury found defendant guilty of the robbery and vehicle-taking counts, and returned a true finding as to the weapon enhancement. At a separate court trial, the court returned true findings as to the allegations involving defendant's prior serious felony, two prior prison terms, and two prior strikes. The court denied a motion to strike one of the two prior strike allegations—involving defendant's conviction on July 10, 1989, for assault with a firearm—on which the sentence had been stayed pursuant to section 654.

The court thereafter sentenced defendant as a Three Strikes offender on both counts. On count 1 (the current robbery offense), the court imposed a sentence of twenty-five years to life and a consecutive one-year term for the weapon-use enhancement; on count 2 (the vehicle-taking offense), the court imposed a sentence of twenty-five years to life and a consecutive seven-year term (a five-year term under section 667, subd. (a), for the prior serious felony, and two 1-year terms for the two prior prison terms). The court imposed the sentence on count 2 consecutive to the sentence on count 1, resulting in a total prison term of 58 years to life.

On appeal, defendant claimed, among other contentions, that the trial court erred in finding that he had two strikes for purposes of the Three Strikes law. The Court of Appeal affirmed the judgment in its entirety, rejecting defendant's request that the matter be remanded to the trial court for reconsideration of the sentence in light of this court's intervening decision in *Romero*, *supra*, 13 Cal.4th 497.[3]

---

[3]Defendant did not raise any question on appeal with regard to the propriety of the trial court's use of his July 10, 1989, robbery conviction for the dual purposes of imposing sentence pursuant to the Three Strikes law and as a basis for imposing a consecutive five-year term pursuant to section 667, subdivision (a). Accordingly, that issue is not before us. (Cf. *People* v. *Dotson* (1997) 16 Cal.4th 547 [66 Cal.Rptr.2d 423, 941 P.2d 56].)

Further, defendant did not seek review of the Court of Appeal's determination that the trial court did not err in sentencing him to *separate* indeterminate terms of 25 years to life for each

## B.

Because the issues before us involve the consequences, for purposes of the Three Strikes law, of two of defendant's prior convictions, we briefly review the circumstances that resulted in those convictions.

In 1989, defendant was charged by information with 11 counts of criminal offenses. The probation report that was before the trial court in the current proceedings states as to those offenses that defendant, while driving a stolen car, collided with another vehicle.[4] When the victim of the collision expressed her intent to call the police, defendant brandished a handgun. Defendant then forced his way at gunpoint into a truck that had stopped because of the collision. Defendant ordered the driver of the truck to take him from the scene. The driver thereafter drove approximately two-tenths of a mile, when defendant told her to stop and ordered her from the truck. Defendant and the truck subsequently were found, and defendant was arrested.

Defendant was charged with assault with a firearm on the victim of the collision (§ 245, subd. (a)(2)), hit and run (leaving the scene of an accident) (Veh. Code, § 20002, subd. (a)), kidnapping (§ 209, subd. (b)), robbery (involving the driver of the truck) (§ 211), two counts of unlawfully taking and driving a vehicle (Veh. Code, § 10851, subd. (a)), being an ex-felon in possession of a firearm (§ 12021), driving with a suspended license (Veh. Code, § 14601.2, subd. (a)), possession of a hypodermic needle (Bus. & Prof. Code, § 4149), possession of a "slim jim" used to break into vehicles (§ 466), and resisting arrest (§ 148). Numerous enhancement allegations also were alleged.

Pursuant to a plea agreement, defendant pleaded guilty to robbery and assault with a firearm, and the remaining counts (including the kidnapping) were dismissed. The trial court sentenced defendant on the robbery count to the middle term of three years, with a two-year enhancement for use of a firearm (§ 12022.5, subd. (a)(1)) and an additional one-year enhancement for a prior prison term (§ 667.5, subd. (b)). On the assault with a firearm count, the trial court sentenced defendant to the middle term of three years, but the court stayed the sentence on this conviction "on the basis I think there's a

---

current conviction rather than to a *single* term of 25 years to life, and thus that issue also is not before us in this case.

[4] In the present case, we have no occasion to consider the propriety of the use at trial of the probation report with reference to the determinations made as to defendant's prior convictions. At trial, defense counsel as well as the prosecutor referred to the report in discussing those convictions, and on appeal no one has objected to its use.

654. I think it's one simple transaction. [¶] The enhancement I cannot impose because I can only impose one enhancement for one transaction."[5]

## II.

As noted, in the current proceeding the trial court concluded that defendant had two prior strikes within the meaning of the Three Strikes law. (§ 667, subds. (c) & (e).) The strikes were based upon the convictions resulting from the incidents that occurred in March of 1989, described above. As indicated, pursuant to a plea agreement in the 1989 proceedings, defendant pleaded guilty to the felony offenses of robbery and assault with a firearm.

Defendant acknowledges that, in general, a prior conviction for robbery and a prior conviction for assault with a firearm fall within the category of prior convictions for serious or violent felonies that qualify as strikes under the Three Strikes law. (See §§ 667, subd. (d)(1), 667.5, subd. (c)(8), 1192.7, subd. (c)(19), (23).) Nonetheless, defendant challenges, on two distinct grounds, the trial court's determination that defendant's 1989 convictions for robbery and assault with a deadly weapon comprised *two* strikes for purposes of the Three Strikes law.

First, defendant contends that separate strikes are created only for prior convictions of offenses that were "brought and tried separately." Defendant asserts that when, as in the 1989 proceeding, multiple convictions result from multiple counts charged in a single criminal proceeding, only one strike may be counted for purposes of the Three Strikes law.

Second, defendant contends that even if separate strikes *generally* may be based upon multiple convictions arising out of multiple charges that were brought in a single proceeding, separate strikes nonetheless cannot appropriately be assessed when, as here, the trial court in the prior proceeding determined that separate punishment for the convictions was precluded under section 654, and stayed execution of sentence on one or more of such convictions.

As we shall explain, we conclude that defendant's initial contention lacks merit, and that the present case does not present an appropriate vehicle for resolving the section 654 issue.

---

[5]The court's reference to "654" was to Penal Code section 654. That section provides: "An act or omission which is made punishable in different ways by different provisions of this code may be punished under either of such provisions, but in no case can it be punished under more than one; an acquittal or conviction and sentence under either one bars a prosecution for the same act or omission under any other."

## A.

In evaluating defendant's contention that prior felony convictions must have been brought and tried separately in order to qualify as multiple strikes, we are guided by well-settled rules. ■ "We begin with the fundamental rule that our primary task in construing a statute is to determine the Legislature's intent. [Citation.]" (*Brown* v. *Kelly Broadcasting Co.* (1989) 48 Cal.3d 711, 724 [257 Cal.Rptr. 708, 771 P.2d 406].) " 'The court turns first to the words themselves for the answer.' [Citations.]" (*Ibid.*) When the statutory language is clear and unambiguous, there is no need for construction and courts should not indulge in it. (*People* v. *Overstreet* (1986) 42 Cal.3d 891, 895 [231 Cal.Rptr. 213, 726 P.2d 1288].) The plain language of the statute establishes what was intended by the Legislature. (See *People* v. *Ramirez* (1995) 33 Cal.App.4th 559, 566 [39 Cal.Rptr.2d 374] [it is unnecessary to look beyond the plain words of the statute to determine intent].)

Accordingly, we commence our analysis with a review of the relevant language set forth in the Three Strikes law. Section 667, subdivision (e)(2)—the central sentencing provision of the Three Strikes law—provides in relevant part: "For purposes of subdivisions (b) to (i), inclusive, and in addition to any other enhancement or punishment provisions which may apply, the following shall apply where a defendant has a *prior felony conviction*: . . . [¶] . . . [¶] (2)(A) *If a defendant has two or more prior felony convictions as defined in subdivision (d) that have been pled and proved, the term for the current felony conviction shall be an indeterminate term of life imprisonment* . . . ." (Italics added.)

Section 667, subdivision (d), in turn, provides in relevant part: "Notwithstanding any other law and *for the purposes of subdivisions (b) to (i), inclusive, a prior conviction of a felony shall be defined as*:

"(1) *Any offense defined in subdivision (c) of Section 667.5 as a violent felony or any offense defined in subdivision (c) of Section 1192.7 as a serious felony in this state.* The determination of whether a prior conviction is a prior felony conviction for purposes of subdivisions (b) to (i), inclusive, shall be made upon the date of that prior conviction and is not affected by the sentence imposed unless the sentence automatically, upon the initial sentencing, converts the felony to a misdemeanor. None of the following dispositions shall affect the determination that a prior conviction is a prior felony for purposes of subdivisions (b) to (i), inclusive:

"(A) The suspension of imposition of judgment or sentence.

"(B) The stay of execution of sentence.

"(C) The commitment to the State Department of Health Services as a mentally disordered sex offender following a conviction of a felony.

"(D) The commitment to the California Rehabilitation Center or any other facility whose function is rehabilitative diversion from the state prison." (Italics added.)

▮▮▮▮ Nothing contained in the foregoing general statutory language suggests that when a defendant has sustained a prior conviction for an offense designated as a violent or serious felony, the prior conviction may be counted as a strike for purposes of sentencing under the Three Strikes law only if the prior conviction was for an offense that was "brought and tried separately" from another offense that also qualified as a violent or serious felony.

Defendant contends, however, that even though the relevant provisions of section 667, subdivision (d), do not contain an explicit "brought and tried separately" limitation, the meaning of "prior conviction" for purposes of the Three Strikes law, when the law is viewed as a whole, is ambiguous. Therefore, according to defendant, the statute should be interpreted in his favor to include a requirement that prior convictions must have been "brought and tried separately."

In support of his claim that the statute is ambiguous, defendant notes that section 667, subdivision (a)—which provides a five-year enhancement for each prior violent or serious felony conviction—by its terms imposes this enhancement only for charges that were brought and tried separately.[6] Defendant also notes that section 667, subdivision (c)(6) and (7), provides that when a defendant, in a Three Strikes case, has been convicted of more than one felony in the current proceedings, the court shall sentence the defendant consecutively on each count under the Three Strikes law "[i]f there is a current conviction for more than one felony count not committed on the same occasion, and not arising from the same set of operative

---

[6]Section 667, subdivision (a)(1), provides in pertinent part: "(1) In compliance with subdivision (b) of Section 1385, any person convicted of a serious felony who previously has been convicted of a serious felony in this state or of any offense committed in another jurisdiction which includes all of the elements of any serious felony, shall receive, in addition to the sentence imposed by the court for the present offense, a five-year enhancement for each such prior conviction *on charges brought and tried separately.* The terms of the present offense and each enhancement shall run consecutively." (Italics added.)

facts, . . ." (§ 667, subd. (c)(6); see also § 667, subd. (c)(7).)[7] Defendant maintains that the nonuniform manner in which the term "conviction" is used within the Three Strikes law creates an ambiguity as to the meaning of the term "prior conviction" for purposes of section 667, subdivision (d).[8]

We conclude that defendant's position is without merit. Section 667, subdivision (a), is a separate enhancement statute that is not part of the Three Strikes law. As noted, the language of section 667, subdivision (a), states specifically that the five-year enhancement established by that provision shall be imposed for each prior serious felony conviction arising from "charges brought and tried separately." (See fn. 6, *ante.*) In view of the explicit language set forth in section 667, subdivision (a), it is reasonable to infer that had the drafters of the Three Strikes law intended to include the "brought and tried separately" requirement suggested by defendant, they were aware of the manner in which to do so. To the contrary, however, they included no such language in section 667, subdivision (d), in defining "prior conviction" for purposes of the Three Strikes law. Furthermore, the language of section 667, subdivision (c)(6) and (7), upon which defendant also relies—pertaining to the circumstances under which multiple convictions in a current proceeding require the imposition of consecutive sentences under the Three Strikes law—has no relationship to or bearing upon the meaning of "prior conviction" as defined in section 667, subdivision (d). In sum, we conclude that the reference to "prior conviction" as defined in section 667, subdivision (d), is neither vague nor ambiguous on this point, and that the Three Strikes law does not limit strikes to prior convictions of offenses that were brought and tried separately.

---

[7]Section 667, subdivision (c)(6) and (7), provides:
"Notwithstanding any other law, if a defendant has been convicted of a felony and it has been pled and proved that the defendant has one or more prior felony convictions as defined in subdivision (d), the court shall adhere to each of the following:
" . . . . . . . . . . . . . . . . . . . . . . . . . . . .
"(6) If there is a current conviction for more than one *felony* count not committed on the same occasion, and not arising from the same set of operative facts, the court shall sentence the defendant consecutively on each count pursuant to subdivision (e).
"(7) If there is a current conviction for more than one *serious or violent felony* as described in paragraph (6), the court shall impose the sentence for each conviction consecutive to the sentence for any other conviction for which the defendant may be consecutively sentenced in the manner prescribed by law." (Italics added.)
[8]In an effort to bolster his contention that section 667 is ambiguous, defendant requests that we take judicial notice of a memorandum analyzing Assembly Bill No. 971, 1993-1994 Regular Session (the Three Strikes law), prepared by the Legislation Subcommittee of the Judicial Council's Criminal Standing Advisory Committee, dated 11 days after Governor Wilson signed the bill into law. The Attorney General, noting that the memorandum in question was not before the Legislature and does not shed light on the issue of legislative intent, opposes defendant's motion. We agree with the Attorney General that the memorandum in question does not fall within the class of documents that traditionally has been considered in determining legislative intent, and, thus, we deny the request to take judicial notice of this document.

Our conclusion is consistent with that reached in a number of recent decisions rendered by the Courts of Appeal. (See *People* v. *Askey* (1996) 49 Cal.App.4th 381, 386 [56 Cal.Rptr.2d 782] [rejecting as "meritless" the defendant's contention that the Three Strikes law is unconstitutionally vague, and holding that "[t]he Three Strikes law does not require otherwise qualifying prior convictions to be based on charges brought and tried separately"]; *People* v. *Superior Court* (*Arevalos*) (1996) 41 Cal.App.4th 908, 914, 916 [48 Cal.Rptr.2d 833] ["[H]ad the drafters of the three strikes law intended to include the separately brought and tried requirement, they would have made their intention plain. . . . A comparison of the three strikes law with section 667, subdivision (a)(1) makes it clear that the Legislature was aware of the brought and tried separately language [citation] and deliberately omitted it from that law. [¶] . . . [¶] The fact that [the defendant's] prior convictions were adjudicated in a single proceeding does not mean that they constitute one prior conviction; two strikes can arise from one case."]; *People* v. *Allison* (1995) 41 Cal.App.4th 841, 844, 845 [48 Cal.Rptr.2d 756] ["Nothing in section 667, subdivision (d), requires that prior serious or violent felonies have been 'brought and tried separately' in order to qualify as multiple 'strikes.' "].)

Defendant also contends that the "ambiguous" definition of the term "prior conviction" raises a "broader" issue than the question whether the "brought and tried separately" requirement set forth in section 667, subdivision (a), applies to section 667, subdivision (d), and that the present case therefore is distinguishable from *Askey*, *Arevalos*, and *Allison*. We are unpersuaded. Defendant's contention that his prior felony convictions for robbery (a "violent felony" within the meaning of section 667.5, subd. (c)(8), and a "serious felony" under section 1192.7, subd. (c)(19)) and assault with a firearm (a "serious felony" under section 1192.7, subd. (c)(23)) comprise only one strike because they were adjudicated as multiple counts in one proceeding, merely recasts without meaningful alteration the arguments properly rejected in *Askey*, *Arevalos*, and *Allison*. (See also *People* v. *Kinsey* (1995) 40 Cal.App.4th 1621, 1630 [47 Cal.Rptr.2d 769].)[9]

For the foregoing reasons we reject defendant's argument that only one strike can arise from a prior case in which multiple felony convictions were adjudicated.

---

[9] In view of our holding that the Three Strikes law is unambiguous in providing that prior felony convictions need not have been brought and tried separately in order to qualify as strikes, we reject defendant's related contention that the statute's purported vagueness fails to provide fair warning as to what constitutes a strike, thereby infringing upon the guarantees of due process of law set forth in the federal and state Constitutions. (U.S. Const., Amends. V, XIV; Cal. Const., art. I, § 7; see *Kolender* v. *Lawson* (1983) 461 U.S. 352, 357 [103 S.Ct. 1855, 1858, 75 L.Ed.2d 903]; *People* v. *Mirmirani* (1981) 30 Cal.3d 375, 382 [178 Cal.Rptr. 792, 636 P.2d 1130]; *People* v. *Vessell* (1985) 36 Cal.App.4th 285, 291 [42 Cal.Rptr.2d 241].)

## B.

Defendant additionally contends that even if the counting of strikes under the Three Strikes law *generally* is not limited to prior convictions of offenses that were brought and tried separately, the statute cannot properly be interpreted to permit separate strikes to be imposed for offenses that in a prior proceeding were determined to have been committed as part of an indivisible transaction, and as to which it was concluded that imposition of separate punishment for each offense would constitute multiple punishment proscribed by section 654. Because the trial court in the 1989 proceeding found that section 654 precluded the imposition of punishment on the count involving assault with a firearm (having determined that the offense was part of the same transaction that gave rise to the robbery count), and stayed the execution of sentence on that count, defendant contends that the trial court in this proceeding erred in counting as strikes the convictions for *both* the robbery and the assault with a firearm.

As already noted, we conclude that this case is not an appropriate vehicle for deciding the section 654 issue. As is revealed by our earlier description of the facts underlying defendant's 1989 convictions, defendant's conviction for assault with a firearm pertained to his assault on the driver of a vehicle with whom defendant collided, whereas his conviction for robbery arose from his taking of a truck at gunpoint from a different victim. (See, *ante*, p. 935.) It is well established that section 654 does not bar the imposition of multiple punishment when a defendant suffers separate convictions for acts of violence committed against more than one victim. (See, e.g., *Neal v. State of California* (1960) 55 Cal.2d 11, 20-21 [9 Cal.Rptr. 607, 357 P.2d 839].) Because it appears quite clear that the sentence on defendant's 1989 conviction for assault with a firearm should not have been stayed under a proper application of section 654, we do not believe that the circumstances of this case provide an appropriate vehicle for us to determine generally whether, under the Three Strikes law, a prior conviction for a serious or violent felony may be counted as a strike when the sentence on such a conviction has been stayed under the compulsion of section 654. That issue is presented in a much better posture in another case that is pending before this court—*People v. Benson, supra*, 54 Cal.App.4th 282, review granted July 23, 1997 (S061678)—and we conclude that it is prudent to reserve judgment on the issue at this time and to resolve the issue in *Benson*. If the resolution of the issue in *Benson* inures to defendant's benefit, he may seek any relief to which he is entitled through a petition for writ of habeas corpus.

## III.

While the appeal in the present case was pending in the Court of Appeal, we filed our unanimous decision in *Romero, supra*, 13 Cal.4th 497.

In *Romero,* we were confronted with the question whether, in the aftermath of the Three Strikes law, a trial court retains discretion to strike prior serious felony conviction allegations against a defendant sentenced under the Three Strikes law. (*Id.* at p. 504.) Prior to June 20, 1996, the date *Romero* was filed, many Courts of Appeal had interpreted the Three Strikes law to mean that, in the absence of a request from the prosecution, the trial court was without discretion to strike a prior serious felony conviction allegation. (See *People v. Allen* (1997) 53 Cal.App.4th 1127, 1134-1135 [62 Cal.Rptr.2d 274], citing the pre-*Romero* cases.) As we shall explain, in the period since *Romero* was filed the Courts of Appeal have been divided on the issue whether remand for resentencing is appropriate in those cases decided after the enactment of the Three Strikes law but before *Romero,* where the record on appeal fails to disclose whether the trial court understood it retained discretion to strike prior felony conviction allegations.

In *Romero,* we disagreed with those appellate courts that had held that a trial court lacks discretion under the Three Strikes law to strike prior felony conviction allegations on its own motion. Our view of the relevant statutory language, the separation of powers doctrine, and our own case law precedents led us to conclude that "in cases charged under [the Three Strikes law], a court may exercise the power to dismiss granted in section 1385, either on the court's own motion or on that of the prosecuting attorney, subject, however, to strict compliance with the provisions of section 1385 and to review for abuse of discretion." (*Romero, supra,* 13 Cal.4th at p. 504.)

We made it clear in *Romero* that our decision applies to all cases—both past and future—in which a defendant faced sentencing under the Three Strikes law. We held: "Our holding, which relates only to sentencing, is fully retroactive. (See *People v. Belmontes* (1983) 34 Cal.3d 335, 348, fn. 8 [193 Cal.Rptr. 882, 667 P.2d 686]; *People v. Tenorio* [(1970)] 3 Cal.3d [89,] 95, fn. 2 [89 Cal.Rptr. 249, 473 P.2d 993].) A defendant serving a sentence under the Three Strikes law (§§ 667, subds. (b)-(i), 1170.12) imposed by a court that misunderstood the scope of its discretion to strike prior felony conviction allegations in furtherance of justice pursuant to section 1385(a), may raise the issue on appeal, or, if relief on appeal is no longer available, may file a petition for [writ of] habeas corpus to secure reconsideration of the sentence. Such a petition should be filed in the sentencing court. (*People v. Tenorio, supra,* 3 Cal.3d at p. 95, fn. 2.) Such a petition may be summarily denied if the record shows that the sentencing court was aware that it possessed the discretion to strike prior felony conviction allegations without the concurrence of the prosecuting attorney and did not strike the allegations, or if the record shows that the sentencing court clearly indicated that it would not, in any event, have exercised its discretion to strike the allegations. (*People v. Belmontes, supra,* 34 Cal.3d at p. 348, fn. 8.)" (*Romero, supra,* 13 Cal.4th at p. 530, fn. 13.)

Approximately two months after *Romero* was decided, the Court of Appeal in the present case rejected defendant's request for a remand, pursuant to *Romero*, to permit the trial court to exercise its discretion under section 1385 in determining whether to strike one or more of defendant's prior conviction allegations. The Court of Appeal held that that a remand was unnecessary because the trial court never was asked to exercise its discretion under section 1385, and, as a result, there was nothing in the record to suggest that the trial court misunderstood the scope of its discretion to strike the prior conviction allegation in the furtherance of justice. The Court of Appeal indicated that defendant's only remedy in these circumstances was by way of a petition for writ of habeas corpus.

Defendant challenges on two grounds the Court of Appeal's conclusion on this point. First, defendant contends that although he did not request that the trial court exercise its discretion under section 1385, the court's comments (in rejecting his contention that under section 654 only one prior strike could be counted) demonstrate that the court believed it lacked discretion to take any course other than to sentence defendant as a "three strikes offender," and thus that the court misunderstood the scope of its sentencing discretion. Second, defendant contends that even if the record is silent on this point, a remand is warranted under *Romero*.

In response, the People contend that the record does not demonstrate affirmatively that the trial court misunderstood the scope of its discretion under section 1385, and that, in the absence of such an explicit indication in the record, the Court of Appeal properly concluded that defendant's only remedy under *Romero* is to seek relief by writ of habeas corpus. The People also argue that because defendant did not request that the trial court exercise its discretion under section 1385, we should find that defendant has waived or forfeited his right to raise the issue.

Contrary to defendant's initial argument, we are unable to discern from the record whether the trial court believed that it retained discretion under section 1385 to strike one or more of defendant's prior felony conviction allegations under the Three Strikes law. The trial court's comments in rejecting the contention made by defendant relative to section 654 do not reveal the court's views with regard to whether it believed it had discretion under section 1385 to dismiss a prior strike. Thus, we believe the instant case squarely presents the question that has arisen repeatedly in those Three Strikes cases in which sentencing preceded *Romero*—namely, whether on appeal an appellate court should remand the case to the trial court for reconsideration in light of *Romero* where the record is silent as to whether the trial court believed it retained or lacked discretion to strike a prior felony conviction allegation without the prosecutor's concurrence.

*Romero* establishes that where the record *affirmatively* discloses that the trial court *misunderstood* the scope of its discretion, remand to the trial court is required to permit that court to impose sentence with full awareness of its discretion as clarified in *Romero*. (*Romero, supra,* 13 Cal.4th at p. 530, fn. 13.) *Romero* also clearly holds that remand is not required where the trial court's comments indicate that even if it had authority to strike a prior felony conviction allegation, it would decline to do so. (*Ibid.*)

The Courts of Appeal, however, have found *Romero* ambiguous with regard to cases in which the record is silent as to the trial court's understanding of the scope of its discretion and where the trial court has not indicated it would decline to strike the prior felony conviction allegation in any event. As previously noted, the Courts of Appeal are divided as to whether remand is required under such circumstances when the issue is raised on appeal.

One line of decisions rendered by the Courts of Appeal, relying upon the general rule that a trial court is presumed to have applied the law correctly in the absence of a clear indication to the contrary, has concluded that in cases in which the trial court record is silent, ordinary principles of appellate review require that an appellate court presume the trial court properly understood that it retained discretion to strike a prior felony conviction allegation. These courts have held that, on appeal, remand for resentencing is unwarranted under such circumstances, and the defendant may seek relief only by filing a petition for writ of habeas corpus. (See *People* v. *Davis* (1996) 50 Cal.App.4th 168, 172-173 [57 Cal.Rptr.2d 659]; *People* v. *DeGuzman* (1996) 49 Cal.App.4th 1049, 1054-1055 [57 Cal.Rptr.2d 577]; *People* v. *Alvarez* (1996) 49 Cal.App.4th 679, 695-696 [56 Cal.Rptr.2d 814]; *People* v. *White Eagle* (1996) 48 Cal.App.4th 1511, 1523 [56 Cal.Rptr.2d 749]; see also *People* v. *Rocha* (1996) 48 Cal.App.4th 1060, 1072, fn. 7 [56 Cal.Rptr.2d 212] [rejecting the defendant's request for remand for resentencing, because no dismissal motion was made in the trial court and the record failed to demonstrate that the trial court misunderstood the scope of its discretion under section 1385].)

In contrast to the foregoing cases, another line of Courts of Appeal decisions has concluded it is unreasonable for an appellate court to presume from a silent record that a trial court that imposed sentence in a Three Strikes case prior to this court's decision in *Romero* understood that it retained discretion to strike prior felony conviction allegations in furtherance of justice under section 1385 (in the absence of a request by the prosecution that it do so). In these cases, the courts have reasoned that because, prior to the filing of *Romero*, the majority of Courts of Appeal decisions had held that trial courts *lacked* discretion to strike prior felony conviction allegations

under the Three Strikes law in the absence of the prosecutor's concurrence, it is unreasonable to presume from a silent record that a trial court, acting in the period between enactment of the Three Strikes law and the filing of *Romero*, understood that it had such discretion. (See *People* v. *Milton* (1997) 55 Cal.App.4th 365, 368-373 [64 Cal.Rptr.2d 47]; *People* v. *Allen, supra,* 53 Cal.App.4th 1127, 1134-1136; *People* v. *Sanders* (1997) 52 Cal.App.4th 175, 178-179 [60 Cal.Rptr.2d 507]; *People* v. *Robles* (1996) 51 Cal.App.4th 627, 630-631 [59 Cal.Rptr.2d 400]; *People* v. *Ervin* (1996) 50 Cal.App.4th 259, 262, fn. 4 [57 Cal.Rptr.2d 728]; accord, *People* v. *Mosley* (1997) 53 Cal.App.4th 489, 497 [62 Cal.Rptr.2d 268] ["The *Romero* decision was a widely awaited opinion and there was a debate within the legal community as to whether trial judges could strike prior serious felony convictions and, if so, to what extent. *The normal presumption that a trial judge correctly applied existing law did not apply in the pre-*Romero *setting.*"] (Italics added.).)

After consideration of the conflicting Court of Appeal decisions, we conclude that the appropriate course, in a "silent record" case, is for an appellate court to deny the request for remand, without prejudice to the defendant's seeking relief in a petition for writ of habeas corpus. In view of the weight of published decisions prior to *Romero* (holding that a trial court lacked discretion under section 1385 to strike a prior felony conviction), we do not believe it would be appropriate to rely upon the rule that a trial court ordinarily is presumed to have correctly applied the law (see, e.g., *People* v. *Mosley, supra,* 53 Cal.App.4th at p. 497; *People* v. *Jeffers* (1987) 43 Cal.3d 984, 1000-1001 [239 Cal.Rptr. 886, 741 P.2d 1127]), or to find that a defendant who failed to anticipate our subsequent decision in *Romero* "waived" or "forfeited" his or her right to raise the issue. (See, e.g., *People* v. *Navarro* (1972) 7 Cal.3d 248, 257 [102 Cal.Rptr. 137, 497 P.2d 481]; cf. *People* v. *Scott* (1994) 9 Cal.4th 331, 348-356 [36 Cal.Rptr.2d 627, 885 P.2d 1040].)

We nonetheless conclude that, in the absence of any affirmative indication in the record that the trial court committed error or would have exercised discretion under section 1385 to strike the prior conviction if it believed it had such discretion, relief on appeal is not appropriate in this context. In many cases that preceded our decision in *Romero*, the question of striking one or more prior convictions under section 1385 may not have been mentioned at sentencing by either the trial court or defense counsel because all those involved in the proceeding recognized that, in view of the defendant's background and the circumstances of the current offense, the exercise of such discretion in the defendant's favor was not a realistic possibility. In view of that likelihood, and taking into consideration the interests of

the administration of justice throughout the state, we do not believe it is necessary, or appropriate, to compel a new sentencing hearing in every pre-*Romero* case in which the record is silent as to whether the trial court understood it retained discretion to strike one or more prior felony conviction allegations under section 1385. The procedure urged by defendant, involving a new sentencing hearing in every pre-*Romero* silent record case, would entail an unduly cumbersome and costly process, necessitating the transportation of a large number of inmates from prisons around the state to the various courts (§§ 977, subd. (b)(1), 1193, subd. (a)), because it would require a new sentencing hearing regardless of whether the trial court originally misunderstood the scope of its sentencing discretion and regardless of whether any realistic possibility exists that the trial court would have exercised its discretion to strike one or more qualifying prior convictions. We do not believe that such a remand *en masse* would represent a wise use of scarce judicial resources.

Denial of remand on appeal in such cases does not leave a defendant who possesses a meritorious claim, supporting the exercise of discretion in his or her favor, without an effective remedy. A defendant in such a case is free to file a petition for writ of habeas corpus in the sentencing court, setting forth the circumstances that would support setting the matter for a new sentencing hearing and striking one or more prior serious or violent felony convictions pursuant to the provisions of section 1385. In the event the sentencing court concludes that the petition filed by such a defendant has possible merit, the court may seek an informal response from the People or issue an order to show cause. If, on the other hand, the court concludes that the petition fails to establish any basis upon which to invoke its discretion under section 1385, the court may summarily deny the petition.[10]

In the present case, our resolution of defendant's claim for relief under *Romero* is limited to our denial of his request for a remand. We express no

---

[10]Unlike the procedure prescribed in *In re Cortez* (1971) 6 Cal.3d 78, 88-89 [98 Cal.Rptr. 307, 490 P.2d 819], with regard to persons seeking relief on habeas corpus under this court's then-recent decision in *People* v. *Tenorio* (1970) 3 Cal.3d 89 [89 Cal.Rptr. 249, 473 P.2d 993], we do not believe that a new sentencing hearing is required in every case in which a defendant was sentenced under the Three Strikes law prior to our decision in *Romero* and where the record is silent as to whether the trial court misunderstood the scope of its discretion under section 1385. In the present context, we conclude that a defendant's rights will be fully and adequately protected by affording the defendant an opportunity to file a petition for writ of habeas corpus in the sentencing court setting forth the circumstances that the defendant contends warrant the striking of one or more prior convictions in furtherance of justice under section 1385, and by having the sentencing court issue an order to show cause if that court finds that the petition has possible merit. (Cf. *People* v. *Hamilton* (1988) 45 Cal.3d 351, 377 [247 Cal.Rptr. 31, 753 P.2d 1109].)

opinion on the manner in which the trial court should exercise its discretion in the event defendant files a petition for writ of habeas corpus.[11]

## IV.

For the reasons discussed above, we conclude that both of defendant's 1989 convictions qualify as strikes for purposes of the Three Strikes law even though they were not brought and tried separately, and further conclude that the Court of Appeal correctly declined to remand the case to the trial court for reconsideration of defendant's sentence in light of *Romero*.

The judgment of the Court of Appeal is affirmed.

Baxter, J., Chin, J., and Brown, J., concurred.

**CHIN, J., Concurring.**—I agree that in a silent record case like this the defendant is not entitled to have the matter remanded for reconsideration of the sentence in light of *People* v. *Superior Court* (*Romero*) (1996) 13 Cal.4th 497 [53 Cal.Rptr.2d 789, 917 P.2d 628] (*Romero*). A record that is silent does not demonstrate that the trial court "misunderstood the scope of its discretion to strike prior felony conviction allegations . . . ." (*Id.* at p. 530, fn. 13.)

This conclusion is consistent with the outcome the last time a similar situation arose. In *People* v. *Fritz* (1985) 40 Cal.3d 227 [219 Cal.Rptr. 460, 707 P.2d 833], like *Romero*, we held the trial court had discretion to strike prior conviction allegations established by an initiative. In the wake of *Fritz*, the appellate courts did not remand cases absent an affirmative showing of error. (*People* v. *Courtney* (1985) 174 Cal.App.3d 1004 [220 Cal.Rptr. 328]; *People* v. *Jackson* (1986) 178 Cal.App.3d 694, 697-698 [224 Cal.Rptr. 37]; *People* v. *Mack* (1986) 178 Cal.App.3d 1026, 1030-1034 [224 Cal.Rptr. 208]; *People* v. *Flint* (1986) 180 Cal.App.3d 13, 21-22 [225 Cal.Rptr. 323]; *People* v. *Dolliver* (1986) 181 Cal.App.3d 49, 57 [225 Cal.Rptr. 920]; *People* v. *McCutcheon* (1986) 187 Cal.App.3d 552, 558-559 [232 Cal.Rptr. 159]; cf. *People* v. *Jackson* (1986) 187 Cal.App.3d 499, 511 [231 Cal.Rptr. 889] [remanded for resentencing because the record "indicate[d] the court erroneously believed it lacked discretion to strike the enhancements"].) Today's holding follows this recent precedent.

---

[11]To the extent that *People* v. *Milton, supra,* 55 Cal.App.4th 365, *People* v. *Allen, supra,* 53 Cal.App.4th 1127, *People* v. *Sanders, supra,* 52 Cal.App.4th 175, *People* v. *Robles, supra,* 51 Cal.App.4th 627, *People* v. *Ervin, supra,* 50 Cal.App.4th 259, *People* v. *Holloway* (1996) 47 Cal.App.4th 1757 [55 Cal.Rptr.2d 547], *People* v. *Howard* (1996) 47 Cal.App.4th 1526 [55 Cal.Rptr.2d 520], and *People* v. *Ramos* (1996) 47 Cal.App.4th 432 [55 Cal.Rptr.2d 1] are inconsistent with the views expressed in this opinion, they are disapproved.

I agree with the court in *People* v. *Davis* (1996) 50 Cal.App.4th 168, 172 [57 Cal.Rptr.2d 659], that *Romero* does not "suspend the normal rules of appellate review." Error is not presumed but must be demonstrated. "Applying these rules to the error noted in *Romero*—i.e., that the trial court misunderstood its discretion to strike a prior felony conviction allegation under [Penal Code] section 1385(a)—requires the appellant to affirmatively demonstrate that the trial court misunderstood its sentencing discretion. Where, as here, the record is completely silent, that burden has not been sustained. In such circumstances, the appropriate response by an appellate court . . . is to affirm the judgment and relegate the defendant to the remedy of habeas corpus if he can affirmatively demonstrate error." (*People* v. *Davis, supra,* 50 Cal.App.4th at p. 172.)

Baxter, J., concurred.

**WERDEGAR, J.,** Concurring and Dissenting.—I agree with the majority's conclusion that prior felony convictions, to be counted as strikes, need not have been brought and tried separately. No such requirement appears in the statute. With respect, I disagree with the remainder of the opinion.

We held in *People* v. *Superior Court (Romero)* (1996) 13 Cal.4th 497, 529-530 [53 Cal.Rptr.2d 789, 917 P.2d 628] that Penal Code section 1385 gave trial judges discretionary power to dismiss prior felony conviction allegations in furtherance of justice. We also declared that our holding would be "fully retroactive." (13 Cal.4th at p. 530, fn. 13.) The only reasonable import of these words was that persons convicted of crimes would be entitled to the benefit of our holding regardless of whether they were sentenced before or after that decision. The question before the court today is whether we meant what we said. The answer the majority gives is no.

After *People* v. *Superior Court (Romero), supra,* 13 Cal.4th 497, persons who had already been sentenced under the three strikes law understandably began to try to obtain new sentencing hearings, either on appeal or through habeas corpus. A new sentencing hearing is the only adequate form of relief when a judge ignorant of his or her discretionary power to strike priors has pronounced sentence. Anything else deprives the defendant of the right to offer, in person and with the assistance of counsel, arguments supporting a favorable exercise of discretion. "Defendants are entitled to sentencing decisions made in the exercise of the 'informed discretion' of the sentencing court" (*People* v. *Belmontes* (1983) 34 Cal.3d 335, 348, fn. 8 [193 Cal.Rptr. 882, 667 P.2d 686]) and to be personally present with counsel during all critical phases of the prosecution, including sentencing (U.S. Const., 6th & 14th Amends.; *Mempa* v. *Rhay* (1967) 389 U.S. 128, 134-137 [88 S.Ct. 254, 256-258, 19 L.Ed.2d 336]; Cal. Const., art. I, § 15; *In re Perez* (1966) 65

Cal.2d 224, 228-230 [53 Cal.Rptr. 414, 418 P.2d 6]; see also Pen. Code, § 1193). The majority does not question these fundamental principles.

Today, however, the court decides that defendants in so-called "silent record" cases—cases in which the subject of striking prior felony conviction allegations did not arise in the trial court—are not entitled to relief on appeal. This is unjust. In such cases a reviewing court has no reason to believe that the trial judge correctly understood the scope of his or her discretion, or that, if the judge had understood, he or she would not have exercised that discretion in the defendant's favor. While some few of these judges may have foreseen our holding in *People* v. *Superior Court (Romero)*, *supra*, 13 Cal.4th 497, we can safely assume that most did not, because the Courts of Appeal before *Romero* had, with near unanimity, declared that trial judges had no discretion. Thus, while a few "silent record" defendants may have valid sentences "made in the exercise of the 'informed discretion' of the sentencing court" (*People* v. *Belmontes*, *supra*, 34 Cal.3d at p. 348, fn. 8), most certainly do not. A reviewing court truly desirous of making the holding in *Romero* "fully retroactive" would require a new sentencing hearing in each such case to assure that every defendant receives that to which he or she is entitled—the benefit of the trial court's exercise of informed discretion. This is precisely what we have required in the past when prisoners have filed petitions for habeas corpus seeking relief under similar "fully retroactive" decisions affecting the sentencing discretion of trial judges. (See *People* v. *Belmontes*, *supra*, 34 Cal.3d at p. 348, fn. 8; *In re Cortez* (1971) 6 Cal.3d 78, 82-89 [98 Cal.Rptr. 307, 490 P.2d 819];[1] see *Romero*, *supra*, 13 Cal.4th at p. 530, fn. 13, citing *Belmontes*.)

Most silent record cases have already been resolved by the Courts of Appeal, which at first denied relief but are now granting relief consistently with the precedent cited above. In the earlier decisions refusing to remand for resentencing, the courts reasoned either that the defendants had "waived" their rights under *People* v. *Superior Court (Romero)*, *supra*, 13 Cal.4th 497, by failing to ask the trial judge to strike priors, or that the "presumption of regularity" required a reviewing court to assume that the trial judge knew and correctly applied the law.[2] In the more recent decisions, however, courts

---

[1] Justice Chin argues the majority's refusal to grant relief on appeal in "silent record" cases "is consistent with the outcome the last time a similar situation arose." (Conc. opn., *ante*, at p. 947.) However, the decade-old lower court cases on which Justice Chin relies (*ibid.*, ) conflict with the most recent decisions of the Courts of Appeal. (See fn. 3, *post*.)

[2] E.g., *People* v. *Davis* (1996) 50 Cal.App.4th 168, 172-173 [57 Cal.Rptr.2d 659]; *People* v. *DeGuzman* (1996) 49 Cal.App.4th 1049, 1054-1055 [57 Cal.Rptr.2d 577]; *People* v. *Askey* (1996) 49 Cal.App.4th 381, 388 [56 Cal.Rptr.2d 782]; *People* v. *Alvarez* (1996) 49

have remanded for resentencing on silent records.[3] In these decisions, the "waiver" argument has failed because the Courts of Appeal recognized that section 1385 expressly gives only prosecutors and courts acting sua sponte, and not defendants, the right to move to strike prior felony conviction allegations; a defendant cannot waive a right he or she does not possess. Similarly, the "presumption of regularity" argument has failed because the Courts of Appeal candidly recognized that they and their colleagues, before *Romero*, had overwhelmingly refused to permit trial judges to strike prior felony conviction allegations; while a few trial judges before *Romero* correctly recognized they did have that power, to presume as a general rule that judges accurately predicted and "regularly" followed an unexpected ruling would make no sense.

Like the more recent Court of Appeal decisions, the majority in the instant case also rejects the "waiver" and "presumption of regularity" arguments. It may therefore come as a surprise to readers of today's decision that the court nevertheless rejects the mature product of the appellate courts' deliberations and refuses to give relief on appeal in "silent record" cases. Recognizing the inadequacy of the legal doctrines of "waiver" and "presumption of regularity" to justify that result, the court fashions a new bar to relief: Relief on a silent record is not "appropriate." (Maj. opn., *ante*, at p. 945.) It is not "appropriate," we are told, because "[i]n many cases that preceded our decision in *Romero*, the question of striking one or more prior convictions under section 1385 may not have been mentioned at sentencing by either the trial court or defense counsel because all those involved in the proceeding recognized that, in view of the defendant's background and the circumstances of the current offense, the exercise of such discretion in the defendant's favor was not a realistic possibility." (*Ibid.*).

The majority's reasoning ignores the accepted logic of harmless error analysis. In almost every case in which a reviewing court reverses for error it is *possible* that the error did not affect the outcome; the reviewing court, however, still grants relief because of the *probability* the error affected the outcome. As already discussed, in any given "silent record" case preceding

Cal.App.4th 679, 693-696 [56 Cal.Rptr.2d 814]; *People v. White Eagle* (1996) 48 Cal.App.4th 1511, 1521-1523 [56 Cal.Rptr.2d 749].

Another decision to the same effect, *People v. Rocha* (1996) 48 Cal.App.4th 1060, 1072, footnote 7 [56 Cal.Rptr.2d 212], was subsequently repudiated by the authoring court in *People v. Bierman* (Cal.App.).

[3]E.g., *People v. Bierman* (Cal.App.); *People v. Milton* (1997) 55 Cal.App.4th 365, 368-373 [64 Cal.Rptr.2d 47]; *People v. Allen* (1997) 53 Cal.App.4th 1127, 1131-1138 [62 Cal.Rptr.2d 274]; *People v. Mosley* (1997) 53 Cal.App.4th 489, 492-499 [62 Cal.Rptr.2d 268]; *People v. Sanders* (1997) 52 Cal.App.4th 175, 177-179 [60 Cal.Rptr.2d 507]; *People v. Robles* (1996) 51 Cal.App.4th 627, 630-631 [59 Cal.Rptr.2d 400]; *People v. Ervin* (1996) 50 Cal.App.4th 259, 262, footnote 4 [57 Cal.Rptr.2d 728].

our decision in *People* v. *Superior Court (Romero)*, *supra*, 31 Cal.4th 497, it is overwhelmingly likely that the trial judge erroneously assumed he or she had no discretion to strike priors.

The majority's reasoning also ignores this court's own precedent. We have already addressed the "appropriateness" of resentencing under similar circumstances and reached this conclusion: "It is obviously impossible in the usual case to discern the inner workings of the original sentencing judge's mind and determine in which cases a hearing would be a perfunctory proceeding. It seems equally obvious that the question whether the defendant should be accorded a hearing should not turn upon an empirical predetermination of the likelihood of its success. . . . [T]he presentation to the court of the defendant's true legal status is not so meaningless a procedure that it can be discarded when it seeks the favorable exercise of judicial discretion." (*In re Cortez*, *supra*, 6 Cal.3d at p. 86, fn. 8.)

The court gives one more reason to justify its "belie[f]" that resentencing is not "appropriate" on a silent record: efficiency. New sentencing hearings, we are told, "would entail an unduly cumbersome and costly process, necessitating the transportation of a large number of inmates from prisons around the state to the various courts . . . ." (Maj. opn., *ante*, at p. 946.) The majority describes this argument as "taking into consideration the interests of the administration of justice . . . ." (*Id.* at pp. 945-946.) The argument, although superficially appealing, is misleading and unpersuasive. Because *People* v. *Superior Court (Romero)*, *supra*, 13 Cal.4th 497, was decided more than a year ago, the number of defendants with pre-*Romero* appeals still pending is very limited. Thus, the image the majority evokes of a "remand *en masse*" (maj. opn., *ante*, at p. 946) would today likely involve no more than a few remaining defendants.

In any event, is it really more efficient to require a separate habeas corpus proceeding—a petition, an informal response, an informal reply, an answer, a traverse, an order to show cause, and finally a new sentencing hearing—when the alternative is simply to dispose of the direct appeal by remanding for resentencing? The answer is no—at least not if the goal is to ensure that all defendants convicted under the three strikes law are sentenced by judges who understand the scope of their discretionary powers.

If, on the other hand, the goal is simply to conserve the time of the judicial and correctional bureaucracies, then perhaps relegating defendants to habeas corpus is more efficient, because many prisoners will not file petitions for habeas corpus. And most of those who do will receive from the sentencing court not a hearing, but a postcard with the following words only: "Petition

denied." Even a defendant whose petition is not summarily denied will find that an informal response from the People, or a hearing following an order to show cause (maj. opn., *ante*, at p. 946 & fn. 10), is a poor substitute for a sentencing hearing at which the defendant stands before the judge in person with an advocate by his side. We explained in *In re Cortez, supra*, 6 Cal.3d 78, 88, that "an effective presentation of the merits of [such a] petition depends not only on the petitioner's being present in person but also upon his having the assistance of counsel to fashion facts and arguments into a persuasive appeal to the court's discretion." In light of that explanation, I cannot accept the majority's conclusion that the "interests of the administration of justice" (maj. opn., *ante*, at pp. 945-946) justify today's ruling, which will ensure that some defendants spend their lives in prison without ever having appeared with counsel before judges who correctly understood the law and the scope of their sentencing discretion. Can there be an interest in the administration of justice paramount to doing justice? I think not.

For these reasons, I dissent.

Mosk, J., and Kennard, J., concurred.