Lewis Clifford MARSHALL,
Petitioner—Appellant,

v.

Linda CLARK, Warden, CA State Prison Soledad, Respondent—Appellee.

No. 01–17339.

D.C. No. CV–99–05047–VRW.

United States Court of Appeals,
Ninth Circuit.

---

* The Honorable Jane A. Restani, United States Court of International Trade, sitting by designation.

Submitted Aug. 15, 2003.*

Decided Aug. 25, 2003.

Richard L. Rubin, Oakland, CA, for Petitioner–Appellant.

Christopher William Grove, AGCA—Office of the California Attorney General (SF), San Francisco, CA, for Respondent–Appellee.

Before REINHARDT, GRABER, Circuit Judges, and RHOADES,** District Judge.

### MEMORANDUM***

Appellant Lewis Clifford Marshall was convicted of petty theft with a prior theft conviction (Cal.Penal Code § 666), and was sentenced to 25 years-to-life based on three prior "strike" convictions within the meaning of the Three Strikes law (§§ 667, subds.(b)—(i) and 1170.12). The Santa Clara Superior Court elected not to strike one of the previous convictions, the court of appeal affirmed this decision, and the California Supreme Court denied Marshall's petition for review. Marshall then filed a petition for writ of habeas corpus[1] in the U.S. District Court for the Northern District of California, which was also denied. We affirm.

### I.

First, Marshall argues that his sentence of 25 years-to-life constitutes cruel and unusual punishment in violation of the Eighth Amendment. Bound by *Lockyer v. Andrade*, 538 U.S. 63, 123 S.Ct. 1166, 155 L.Ed.2d 144 (2003), we hold that the court of appeal's denial of this claim was neither contrary to nor an unreasonable application of the "gross disproportionality" principle.

### II.

Second, Marshall contends that, at the time he committed his current offense, the Three Strikes law violated constitutional guarantees of due process because it failed to provide him with "fair warning" that the statute applied to those defendants whose "strike" convictions were not brought and tried separately. The court of appeal held that *People v. Fuhrman*, 16 Cal.4th 930, 67 Cal.Rptr.2d 1, 941 P.2d 1189 (1997), resolves this question because, in that case, the California Supreme Court rejected an identical vagueness challenge. We conclude that the court of appeal's denial of Marshall's claim was neither contrary to nor an unreasonable application of Supreme Court jurisprudence.

### III.

For the foregoing reasons, the judgment of the district court is AFFIRMED.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** The Honorable John S. Rhoades, Sr., Senior United States District Court Judge for the Southern District of California, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Because Marshall filed his petition after April 24, 1996, the amendments to 28 U.S.C. § 2254 under the Anti–Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") apply.