Filed 2/26/21  P. v. Zamora CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>v.<br><br>BYRON ZAMORA,<br><br>     Defendant and Appellant. | B302053<br><br>Los Angeles County<br>Super. Ct. No. YA092302 |

APPEAL from an order of the Superior Court of Los Angeles County, Hector M. Guzman, Judge.  Affirmed.

Rachel Lederman, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Scott A. Taryle and Rene Judkiewicz, Deputy Attorneys General, for Plaintiff and Respondent.

In November 2018, we affirmed Byron Zamora's conviction of assault with a deadly weapon inflicting great bodily injury. Zamora stabbed a developmentally disabled 51-year-old man held down by one or both of Zamora's companions, after the victim bought them beer following a dispute over a dog. Zamora admitted a prior felony conviction for voluntary manslaughter, and the trial court sentenced him to 16 years in prison including what was then a mandatory five-year enhancement for the prior serious felony conviction. (*People v. Castaneda* (Nov. 8, 2018, B278764) [nonpub. opn.].)

In February 2019, our Supreme Court transferred Zamora's case back to us with directions to vacate our decision in light of Senate Bill No. 1393 (SB 1393). We remanded for a new sentencing hearing and directed the trial court to exercise its discretion under SB 1393. (*People v. Castaneda* (May 9, 2019, B278764) [nonpub. opn.].) The trial court declined to strike the enhancement and imposed the same sentence. Zamora filed this second timely appeal.

## DISCUSSION

Effective January 1, 2019, during the pendency of Zamora's appeal, SB 1393 amended Penal Code section 667, subdivision (a)(1) to give the trial court discretion to strike or dismiss the five-year serious felony enhancement. SB 1393 applies retroactively to cases not yet final when it went into effect. (*People v. Zamora* (2019) 35 Cal.App.5th 200, 208.)

On remand, the trial court held a resentencing hearing on October 17, 2019. Zamora's counsel requested a continuance to allow his family to testify "as to the good things that are going on with him. He's been taking numerous programs." The prosecutor pointed out this would be the third continuance,

2

and no good legal cause existed to grant it. The court denied Zamora's request to continue.

The court explained it had prepared several times and was ready to rule.

> "In addition, the information that Mr. Zamora wishes to provide the court, I'm not so sure that that is of any relevance . . . . [¶] [A]ny additional information that occurred after Mr. Zamora's sentencing is of very little relevance on the issue at hand. [¶] In addition, even if it were, the court does not see, based on its understanding, its review of the court file of this case, that anything would cause this court to strike or dismiss the enhancement. This was a serious, violent felony. It was egregious. Mr. Zamora's actions were egregious. . . . [¶] [The original sentencing judge] stated th[e]se concerns[:] 'There was no excuse for Zamora's participation in the three-on-one attack and his stabbing of a developmentally disabled man,' expressed surprise that the stabbing was not charged as an attempted murder, found no mitigating factors and pointed out that Zamora 'piled on when he stabbed [the victim] . . . perhaps to prevent him from testifying about the robbery,' so the court does not see any reason to continue the matter, so the request [for a continuance] is denied."

Defense counsel argued the evidence that Zamora stabbed the victim "was suspect and somewhat unreliable," and the

prosecutor rejoined that argument contradicted the jury's findings. The court stated it understood its discretion to strike or dismiss the serious prior felony enhancement under SB 1393, and "chooses not to, for the reasons already stated."

Zamora argues the court did not properly understand its discretion because it refused to allow him a third continuance to present evidence of his postconviction conduct. If the record "*affirmatively* discloses that the trial court *misunderstood* the scope of its discretion, remand to the trial court is required to permit that court to impose sentence with full awareness of its discretion." (*People v. Fuhrman* (1997) 16 Cal.4th 930, 944.)

In general, "[t]he defendant's postconviction behavior and other possible developments remain relevant to the trial court's consideration upon resentencing." (*People v. Bullock* (1994) 26 Cal.App.4th 985, 990.) The record does not affirmatively show the trial court misunderstood the scope of its discretion. The court saw "very little relevance" (not none) in any evidence of Zamora's behavior in prison he might present at a continued hearing. And the court clearly stated any family testimony that Zamora was participating in programs would not affect the exercise of its discretion. Nothing Zamora could show about his post-conviction behavior would change the court's view of Zamora's "egregious" piling on when he stabbed the developmentally disabled victim.

The trial court did not abuse its discretion when it refused to strike the prior serious felony enhancement.

4

**DISPOSITION**

The order is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


EGERTON, J.

We concur:


LAVIN, Acting P. J.


DHANIDINA, J.