Filed 4/15/14  P. v. Naranjo CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ANTONIO HERNANDEZ NARANJO,<br><br>    Defendant and Appellant. | 2d Crim. No. B248721<br>(Super. Ct. No. 2013007288)<br>(Ventura County) |

Antonio Hernandez Naranjo appeals the judgment entered after he pled no contest to driving under the influence of alcohol with a prior felony drunk driving conviction (Veh. Code, §§ 23152, subd. (a), 23550.5, subd. (a)).  Appellant also admitted that his blood alcohol level was in excess of .15 percent (Veh. Code, § 23578) and that he had served a prior prison term (Pen. Code, § 667.5, subd. (b)).  The trial court sentenced him to two years in state prison.  Appellant contends the court failed to exercise its discretion to consider a lesser sentence, as contemplated under the plea agreement.  We affirm.

FACTS AND PROCEDURAL HISTORY

Appellant was subjected to a traffic stop for Vehicle Code violations. During the stop, several empty beer cans and half a bottle of tequila were found in

appellant's car. Testing indicated that appellant had a blood alcohol level between .19 and .21 percent.

Appellant accepted a plea bargain in which he agreed to plead guilty to one charge in exchange for the dismissal of other charges. In accepting the plea, appellant expressed his understanding that "the Court has offered to sentence [him] to no more than two years in prison, followed by a three-year-parole period[.]" When the court asked if appellant had any questions about his plea, appellant replied, "Well, no — it's just that maybe you could give me less than two years. But I don't think so — I don't know."

At the April 23, 2013, sentencing hearing, the court found a factual basis for the plea and stated, "This was a stipulated two-year disposition. The Court is prepared to go forward on that basis." The court proceeded to deny probation, reasoning that "[t]his would be a case that would require an interest of justice finding to grant probation. The Court could not make that finding under the circumstances here involved and his criminal history." The court then imposed a two-year prison term and awarded appellant 100 days presentence custody credit.

Appellant filed a timely notice of appeal and his request for a certificate of probable cause was denied.

DISCUSSION

Appellant contends the court erred in sentencing him to two years in state prison without considering whether to impose a lesser term, as provided under the plea agreement. The People respond that (1) appellant's claim is not cognizable without a certificate of probable cause; (2) the claim is forfeited because it was not raised below; and (3) appellant fails to demonstrate the court either misunderstood or failed to exercise its discretion to impose a lesser term.

We reject the People's assertion that appellant's claim requires a certificate of probable cause. Appellant does not attack the validity of his plea, but rather claims the court failed to exercise discretion conferred to it under the plea. Such claims do not require a certificate of probable cause. (*People v. Buttram* (2003) 30 Cal.4th 773, 786-787; see also *People v. Cole* (2001) 88 Cal.App.4th 850, 871 ["[W]hen the question of

2

whether to impose the negotiated maximum is left to the court's discretion at an adversary hearing, an appeal challenging the court's exercise of that discretion is not, in substance, an attack on the validity of the plea"].)

We also reject the People's assertion that appellant forfeited his claim by failing to raise it below. *People v. Scott* (1994) 9 Cal.4th 331, which the People cite for support, merely states that "complaints about the manner in which the trial court *exercises it sentencing discretion* and articulates its supporting reasons cannot be raised for the first time on appeal." (*Id.* at p. 356, italics added.) Appellant does not complain about the manner in which the court actually exercised its discretion, but rather claims the court did not exercise that discretion. "'[A] ruling otherwise within the trial court's power will nonetheless be set aside where it appears from the record that in issuing the ruling the court failed to exercise the discretion vested in it by law. [Citations.]' [Citation.] 'Failure to exercise a discretion conferred and compelled by law constitutes a denial of a fair hearing and a deprivation of fundamental procedural rights, and thus requires reversal. [Citations.]' [Citation.] [If] a sentence choice is based on an erroneous understanding of the law, the matter must be remanded for an informed determination. [Citations.]" (*People v. Downey* (2000) 82 Cal.App.4th 899, 912.) Relief is warranted on direct appeal, however, only when the court's misunderstanding of its discretion is affirmatively reflected in the record. (See *People v. Fuhrman* (1997) 16 Cal.4th 930, 945 (*Fuhrman*).)

Appellant asserts that the court's erroneous belief it lacked discretion to sentence him to less than two years is reflected in its statement, "This was a stipulated two-year disposition." While he acknowledges that the court went on to find that a grant of probation would not be in the interests of justice and denied probation on that basis, he claims "it was not clear . . . that the court considered a grant of probation as allowed by the terms of the plea agreement. Moreover, it nowhere appears that the court considered a sixteen-month lower-term sentence as an alternative to the two-year term which was allowed, but not mandated, by the agreement."

3

We are not persuaded.  Although the court's reference to a "two-year disposition" could be construed as implying that the parties agreed to a two-year sentence, the statement cannot be considered in a vacuum.  When appellant entered his plea, it was unequivocally stated, "the Court has offered to sentence you *to no more than two years in prison . . . ."*  (Italics added.)  Before sentencing appellant to a two-year term, the trial judge—who also presided over the plea colloquy—concluded that the circumstances of the case and appellant's criminal history precluded a grant of probation.  The court would have had no reason to make such a finding had it believed that a two-year sentence was compelled by the plea agreement.

It is irrelevant that the court did not expressly state its belief that probation was an option under the plea agreement.  Equally unavailing is the lack of any express reference to the possibility of a 16-month sentence.  The court's belief that it lacked discretion to impose a lesser term cannot be established by negative implication; rather, the record must affirmatively reflect such a belief.  (*Fuhrman, supra*,16 Cal.4th at p. 945.)  Appellant fails to make such a showing.

The judgment is affirmed.

NOT TO BE PUBLISHED.


PERREN, J.


We concur:



GILBERT, P. J.



YEGAN, J.


4

Kevin J. McGee, Judge

Superior Court County of Ventura

_____

California Appellate Project, Jonathan B. Steiner, Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Paul M. Roadarmel, Jr., Supervising Deputy Attorney General, David A. Voet, Deputy Attorney General, for Plaintiff and Respondent.