Filed 8/17/15  P. v. Walcott CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>DARRYL ALLEN WALCOTT,<br><br>    Defendant and Appellant. | B261304<br><br>(Los Angeles County<br> Super. Ct. No. SA026984) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Frank J. Johnson, Judge.  Affirmed.

Richard B. Lennon, under appointment by the Court of Appeal, and Darryl Allen Walcott, in pro. per., for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

Appellant Darryl Allen Walcott appeals from the denial of his petition to recall his sentence under the Three Strikes Reform Act of 2012 (Pen. Code, § 1170.126).[1] His appointed counsel filed a *Wende* brief (*People v. Wende* (1979) 25 Cal.3d 436), and appellant filed a supplemental brief in propria persona.

We have reviewed the record under *People v. Kelly* (2006) 40 Cal.4th 106. It shows that in 1997, appellant was convicted by a jury of second degree robbery. (§ 211, subd. (a).) The jury also found true the allegation of use of a handgun. (§ 12022.5.) The trial court found appellant had suffered six prior convictions for robbery and one for attempted robbery, and sentenced him to 44 years to life. The conviction was affirmed in *People v. Walcott* (June 16, 1999, B121073 [nonpub opn.]). On June 13, 2014, appellant filed a petition to recall his sentence pursuant to section 1170.126. The court denied the petition because appellant's current felony falls under section 667.5, subdivision (c)(9), rendering him ineligible for resentencing.

Appellant's petition was properly denied. The resentencing provision of the Three Strikes Reform Act is reserved for those serving indeterminate life sentences for convictions "that are not defined as serious and/or violent felonies by subdivision (c) of Section 667.5 or subdivision (c) of Section 1192.7." (§ 1170.126, subd. (b).) Appellant's current felony conviction, robbery, falls under the category of a "'violent felony'" as defined by section 667.5, subdivision (c)(9).

Appellant's supplemental brief raises issues unrelated to the denial of his petition to recall his sentence. He contends that, during trial proceedings, the trial court ordered a competency hearing but that hearing was never held. He argues that (1) once the trial court ordered a competency hearing, it lacked jurisdiction to conduct further proceedings until the hearing took place; and (2) appellant's counsel, during the direct appeal, rendered ineffective assistance by failing to challenge the court's failure to hold a competency hearing. Appellant has filed several petitions for writ of habeas corpus raising these issues, all of which have been considered and denied. Appellant also argues

---

[1] Subsequent statutory references are to the Penal Code.

the trial court's imposition of an indeterminate life sentence was "unauthorized." Appellant takes issue with the trial court's remark that he had "'two attemp[t]s at rehabilitation which he did not take advantage of,'" because appellant had purportedly served only a single term in prison. However, appellant does not seem to dispute that he had suffered "7 to 8 strikes" at the time of sentencing for his current felony, and thus does not demonstrate a sentencing error. He argues that five of his strikes were charged in a single criminal complaint. That is irrelevant as it is well-established that an individual may suffer multiple strike convictions in one criminal proceeding. (*People v. Fuhrman* (1997) 16 Cal.4th 930, 939.)

Most importantly, appellant's arguments are not germane to the instant appeal as they are not proper grounds for recalling his sentence under section 1170.126. Having reviewed the record, we are satisfied that no arguable issues for appeal exist.

**DISPOSITION**

The judgment is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

EPSTEIN, P. J.

We concur:

WILLHITE, J.

MANELLA, J.

3