Filed 1/25/16  P. v. Shell CA4/1
Opinion following rehearing

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>EDWARD VICTOR SHELL,<br><br>    Defendant and Appellant. | D067745<br><br><br><br>(Super. Ct. No. SCD126559) |

APPEAL from an order of the Superior Court of San Diego County,

David J. Danielsen, Judge.  Affirmed.

John L. Dodd, under appointment by the Court of Appeal, for Defendant and

Appellant.

No appearance for Plaintiff and Respondent.

INTRODUCTION AND BACKGROUND

In 1997, a jury convicted Edward Victor Shell of three counts of robbery (Pen. Code, § 211)[1] and one count of attempted robbery (§§ 211, 213, 664). The jury found Shell not guilty of one count of robbery. The court found true allegations Shell had seven prior serious or violent felony convictions (strikes) (§§ 667, subds. (b)-(i), 1170.12) and one serious felony prior conviction (§§ 667, subd. (a), 1192.7, subd. (c)(19)) for robberies in 1991. The court sentenced Shell to three consecutive terms of 25 years to life plus a consecutive five-year enhancement pursuant to section 667, subdivision (a), for an aggregate indeterminate term of 80 years to life. The court stayed imposition of sentencing for one of the robbery counts pursuant to section 654.

In 2014 Shell petitioned for resentencing pursuant to section 1170.18, subdivision (a) (Proposition 47), contending: (1) his last conviction was for petty theft, which was elevated to a serious felony due to his prior strike convictions; (2) his prior strikes arose from a single case and should have been a single strike; and (3) the probation department report referenced a case not involving Shell for some of the prior strike counts. The court denied the petition concluding no counts were eligible for resentencing because his convictions were for robbery and attempted robbery. Shell appealed.[2]

_____

1    All further statutory references are to the Penal Code unless otherwise specified.

2    Shell is not a stranger to this court. He has filed four appeals, three petitions for writ of habeas corpus and one petition for writ of error *coram vobis* arising from the 1997 convictions. On the direct appeal this court affirmed the judgment and denied a companion petition for writ of habeas corpus. (*People v. Shell* (Feb. 11, 1999, D029077, D030457) [nonpub. opn.].) We denied a second petition for writ of habeas corpus in

2

Shell's appointed counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *Anders v. California* (1967) 386 U.S. 738, 744 (*Anders*) raising one possible but not arguable appellate issue: whether the trial court erred in denying Shell's motion for resentencing pursuant to Proposition 47. We offered Shell the opportunity to file his own supplemental brief and he has done so. We consider Shell's brief in the discussion.

## DISCUSSION

### A

In a *Wende* appeal, we must consider defendant's supplemental contentions and state the reasons why they fail. (*People v. Kelly* (2006) 40 Cal.4th 106, 120.) Shell contends he suffered prejudice and was denied due process and effective assistance of counsel because counsel filed a *Wende* brief relying on section 1170.126, which was codified as part of Proposition 36, instead of section 1170.18, which was enacted as part of Proposition 47. Shell was not prejudiced or denied due process by the mention of section 1170.126 because counsel listed the denial of Shell's Proposition 47 petition as an

which Shell raised claims regarding his sentence, sufficiency of the evidence, and instructional error. (*In re Shell on Habeas Corpus* (Aug. 19, 2008, D052488) [order denying petition].) We denied a third petition for writ of habeas corpus in which Shell contended his sentence was unauthorized because his seven convictions in 1991 arose from one criminal proceeding. (*In re Shell on Habeas Corpus* (Jan. 12, 2012, D061085) [order denying petition].) We affirmed an order denying Shell's motion to recall his sentence under section 1170.126 (Proposition 36). (*People v. Shell* (May 21, 2014, D064433) [nonpub. opn.].) We dismissed Shell's appeal of an order denying his motion to vacate the 1997 judgment because the order was not appealable. (*People v. Shell* (Aug. 11, 2015, D068373) [dismissal order].) We also denied Shell's petition for writ of error *coram vobis,* which raised nearly identical issues to those Shell asserts in his supplemental brief in this appeal. (*People v. Shell* (Sept. 22, 2015, D068853) [order denying petition].)

3

issue, which counsel considered. "[T]he constitutional right to assistance of counsel entitles an indigent defendant to independent review by the Court of Appeal when counsel is unable to identify any arguable issue on appeal. California's procedure for securing this right requires counsel to file a brief summarizing the proceedings and the facts with citations to the record." (*People v. Kelly*, *supra*, at p. 119.) Counsel did that and was not required to raise or argue specific issues in his *Wende* brief. (*Id.* at p. 118.)

B

Shell contends section 490.2, a provision added by Proposition 47, required resentencing because his robbery convictions were for petty thefts, "which were elevated to felony charges based on his 1991 priors." (See § 667, subd. (b) ["[i]t is the intent of the Legislature … to ensure longer prison sentences and greater punishment for those who commit a felony"].)[3]

Section 490.2 states: "obtaining any property by theft where the value … does not exceed nine hundred fifty dollars ($950) shall be considered petty theft and shall be punished as a misdemeanor." The record shows Shell was not arrested or charged with theft or petty theft in the 1997 convictions. Rather, he was charged with and convicted of three counts of robbery (§ 211) and one count of attempted robbery (§§ 211, 213, 664) from separate victims at two restaurants and a convenience store, all with threats of

---

3    During a discussion regarding whether Shell wanted the jury to be instructed regarding lesser included offenses, the court explained lesser included offenses could include petty theft. However, the court explained petty theft by a felon is also a felony. Shell asked the court not to instruct the jury regarding the lesser included offense of petty theft because it was inconsistent with his defense theory of the case. Thereafter, the jury convicted Shell of three counts of robbery and one count of attempted robbery.

4

violence. These felony offenses were crimes against a person and required proof the taking of property from the person or presence of another occurred by force or fear. (§ 211; *People v. Cooper* (1991) 53 Cal.3d 1158, 1165, fn. 8 ["mere theft becomes robbery if the perpetrator … resorts to force or fear while carrying away the loot"].) "Although classified in the Penal Code as a crime against the person, robbery is actually a crime against both the person and property. [Citation.] 'Robbery violates the social interest in the safety and security of the person as well as the social interest in the protection of property rights.' " (*People v. Gomez* (2008) 43 Cal.4th 249, 264.) Robbery is categorically different than simple theft of property. (See §§ 484, 490.2.) Therefore, section 490.2, which applies to theft cases, does not apply to the robbery and attempted robbery convictions in this case and no counts were eligible for resentencing under section 1170.18.

C

Shell again attempts to challenge the validity of his prior strike convictions and contends they were suffered by someone else. Shell's 1997 convictions and the true findings on the 1991 convictions are long since final. The validity of these earlier decisions were not properly before the trial court on the petition for resentencing under Proposition 47 and are not properly before us on an appeal from the order denying the petition for resentencing.

Even if these issues were properly before us, we would find no merit in Shell's contentions. We briefly address these issues because they are a consistent theme in Shell's appellate challenges. Shell contends his guilty plea in a single case in 1991

5

resulting in seven strike convictions should constitute only one strike prior. However, a prior qualifying conviction need not have been brought and tried separately from another qualifying conviction in order to be counted as a separate strike. (*People v. Fuhrman* (1997) 16 Cal.4th 930, 938-940.)

Shell's contention he was sentenced under the three strikes law based on a probation report referring to an unrelated case involving other defendants is equally without merit. From the record Shell provided, it is clear the probation report contains a typographical error. The probation report summarizing the 1991 prior strike allegations, refers to superior court case number CR124967 for five counts of robbery pursuant to section 211 and superior court case number CR124969 for two additional counts of first degree robbery pursuant to sections 211 and 212.5, subdivision (a). However, the 1997 amended information charging Shell with the 1991 convictions as prior strike allegations refers to Shell's seven convictions in superior court case number CR124969. The court found these allegations true prior to the issuance of the probation report. Thus, there is no indication the court relied on an unrelated superior court case from 1991 for his sentencing in 1997.

D

We have reviewed the entire record in accordance with *Wende*, *supra*, 25 Cal.3d 436 and *Anders*, *supra*, 386 U.S. 738, and have not found any arguable appellate issue. Competent counsel represented Shell on this appeal.

6

DISPOSITION

The order is affirmed.

McCONNELL, P. J.

WE CONCUR:

BENKE, J.

McINTYRE, J.