Filed 6/6/25  P. v. Tolentino CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ANTHONY ROLAND TOLENTINO,<br><br>    Defendant and Appellant. | H052447<br>(Santa Clara County<br> Super. Ct. No. C9887214) |

In 2001, defendant Anthony Roland Tolentino pleaded no contest to one count of second degree robbery (Pen. Code,[1] §§ 211, 212.5, subd. (c)). Tolentino further admitted two prior serious or violent felony convictions under the Three Strikes law (strike priors) (§§ 667, subd. (c) & (e)(1), 1170.12, subd. (c)(1)) and two prior prison term enhancements (prison priors) (§ 667.5, former subd. (b).)  The trial court sentenced Tolentino to an indeterminate term of 25 years to life in prison and struck the additional punishments on the two prison priors.

---

[1] All further unspecified statutory references are to the Penal Code.

In 2023, Tolentino, on his own behalf, filed a petition for recall of his sentence and resentencing under various recently added or amended statutes, including sections 1172.75 and 1172.1.

In July 2024, the trial court denied Tolentino's petition in a written order. Regarding section 1172.75, the court concluded that "Tolentino's sentence does not include" any legally invalid prison prior. Regarding section 1172.1, the court decided that Tolentino is not entitled to relief because the court had not received a recommendation for resentencing from any designated entity and the requested relief is otherwise available only within 120 days of sentencing.

Tolentino appealed. Tolentino's appointed appellate counsel filed a brief under *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*), and Tolentino personally filed a supplemental letter brief. This court subsequently requested and received supplemental briefing from the parties on questions related to the potential applicability of sections 1172.75 and 1172.1.

Having considered all the briefing and the record, for the reasons explained below, we decide the trial court's rulings under sections 1172.75 and 1172.1 are not appealable. We thus lack jurisdiction over Tolentino's appeal and dismiss it. Although we dismiss this appeal, our decision does not preclude Tolentino from asking the trial court to review his judgment under section 1172.75, given that the California Department of Corrections and Rehabilitation (CDCR) has recently identified him as a person who may be eligible for relief under that section.

# I. PROCEDURAL BACKGROUND[2]

In March 2001, the Santa Clara County District Attorney filed an information charging Tolentino with two counts of carjacking (§ 215; counts 1 & 4) and three counts of second degree robbery (§§ 211, 212.5, subd. (c); counts 2, 3 & 5). The information further alleged an elderly victim enhancement as to count 5 (§ 667.9, subd. (a)), two strike priors, two prior serious felony convictions (§ 667, subd. (a)), and two prison priors.

In August 2001, Tolentino pleaded no contest to count 5 and admitted the strike priors and prison priors, in exchange for dismissal of the remaining counts and allegations. At the change of plea hearing, the prosecutor stated that the People were "not asking for admissions to the Prop 8's" (i.e., the prior serious felony conviction allegations under § 667, subd. (a)).

In May 2002, the trial court denied Tolentino's *Romero*[3] motion and sentenced him to 25 years to life. According to the clerk's minute order for the sentencing hearing, the court struck the "additional punishments" on the two prison priors pursuant to section 1385.

Tolentino appealed, and in July 2003, a different panel of this court affirmed the judgment. (*People v. Tolentino* (July 31, 2003, H024803) [nonpub. opn.].)

In December 2023, Tolentino filed, on his own behalf, a "Petition for Resenting [*sic*] and Recall Penal Code § 1172–§ 1172.75" (petition).[4] In his petition, Tolentino argued that he is eligible for relief under Senate Bill

---

[2] We do not state the facts of the charged offenses because they are irrelevant to this appeal.

[3] *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497 (*Romero*).

[4] The record includes another, earlier petition for resentencing (filed by Tolentino in July 2015) under section 1170.18, subdivision (a). The trial court denied that petition in a written order filed on July 17, 2015. Nothing in the record indicates that Tolentino appealed from that order.

No. 483 (2021–2022 Reg. Sess.) (Senate Bill 483).[5] Tolentino also mentioned in his petition Assembly Bill No. 600[6] (2022–2023 Reg. Sess.) (Assembly Bill 600), Senate Bill No. 81[7] (2021–2022 Reg. Sess.) (Senate Bill 81), and Senate Bill No. 1393[8] (2017–2018 Reg. Sess.) (Senate Bill 1393).

Nothing in the appellate record indicates that prior to or during the pendency of Tolentino's petition, the Secretary of the CDCR identified Tolentino to the trial court as a person in custody serving a term for a judgment that includes a currently invalid prior prison term enhancement. (See § 1172.75, subd. (b) (hereafter section 1172.75(b)).)

On July 5, 2024, the trial court filed a written order denying Tolentino's petition (July 5, 2024 order). The trial court's order did not specifically

---

[5] Effective January 1, 2020, Senate Bill No. 136 (2019–2020 Reg. Sess.) amended section 667.5, subdivision (b) to eliminate prior prison term sentence enhancements for all crimes except certain sexually violent offenses. (Stats. 2019, ch. 590, § 1.) Senate Bill 483 subsequently added what was section 1171.1 to make this change retroactive. (Stats. 2021, ch. 728, § 3 [eff. Jan. 1, 2022].) Effective June 30, 2022, the Legislature amended section 1171.1 to renumber it as section 1172.75, with no change to the text of the statute. (Stats. 2022, ch. 58, § 12.) In 2024, the Legislature amended section 1172.75, but that amendment is not relevant to this matter. (See Stats. 2024, ch. 979, § 2 [eff. Jan. 1, 2025; adding subd. (f)].)

[6] Effective January 1, 2024, Assembly Bill No. 600 "amended section 1172.1 to allow a trial court, on its own motion, to recall a sentence and resentence a defendant when 'applicable sentencing laws at the time of the original sentencing are subsequently changed by new statutory authority or case law.' " (*People v. Dain* (2024) 99 Cal.App.5th 399, 412, review granted May 29, 2024, S283924; see § 1172.1, subd. (a)(1).)

[7] Senate Bill No. 81 amended section 1385 by adding subdivision (c), governing the dismissal of certain sentencing enhancements in the interest of justice. (*People v. Olay* (2023) 98 Cal.App.5th 60, 64–69.)

[8] Senate Bill No. 1393 amended sections 667, subdivision (a) and 1385, subdivision (b) to allow a court to exercise its discretion to strike or dismiss a prior serious felony conviction (§ 667, subd. (a)) for sentencing purposes. (*People v. Garcia* (2018) 28 Cal.App.5th 961, 971.)

address whether it had jurisdiction to entertain each of the grounds stated by Tolentino in his petition. Moreover, nothing in the record indicates that the court appointed counsel to represent Tolentino on his petition or held any hearing on the petition.

In its order, the trial court provided the following reasons for concluding that the laws Tolentino mentioned in his petition did not provide him any ground for relief:

Regarding Senate Bill 483 and section 1172.75, the trial court stated that its "records indicate that Mr. Tolentino's sentence does not include either of the qualifying [prison prior] enhancements."

Regarding Senate Bill 600, the trial court stated, "In the absence of a recommendation from the [CDCR] or the District Attorney, relief under section 1172.1 is available only within 120 days of sentencing."[9] The court further concluded that Tolentino "is not entitled to relief" because the court had not received a recommendation for recall and resentencing from any statutorily designated entity.

Regarding Senate Bill 81, the trial court stated that newly added section 1385, subdivision (c) applies to " 'sentencings occurring after January 1, 2022' " and Tolentino is not entitled to relief under Senate Bill 81 because he was sentenced in 2002.

---

[9] We note that following this statement, the trial court quoted (in a citation parenthetical) an outdated version of section 1172.1. As of January 1, 2024, section 1172.1 allowed the trial court, *on its own motion*, to recall and resentence a defendant "*at any time*" (italics added) (i.e., beyond the 120-day limit), if the sentencing laws applicable "at the time of original sentencing [we]re subsequently changed by new statutory authority or case law." (§ 1172.1, subd. (a)(1); Stats. 2023, ch. 795, § 1.5.)

Regarding Senate Bill 1393, the trial court concluded that bill does not apply retroactively to cases like Tolentino's, which became final prior to January 1, 2019.

On July 22, 2024, Tolentino filed a motion asking the trial court to reconsider his petition. Tolentino asserted that he qualifies for relief under Senate Bill 483 because the abstract of judgment indicates the trial court "stayed" the prison time imposed on his two prison priors.[10] The appellate record does not include any trial court ruling on Tolentino's motion for reconsideration.

On July 29, 2024, Tolentino filed a notice of appeal.

This court appointed counsel to represent Tolentino. Tolentino's appointed appellate counsel filed a brief pursuant to *Delgadillo*, *supra*, 14 Cal.5th 216. The brief raised no arguable issues for appeal but asked this court to conduct an independent review of the record in the interests of justice.

Regarding appealability, Tolentino's appellate counsel stated: "If amendments to the Penal Code implemented by Senate Bill 483, Senate Bill 600, Senate Bill 81 or Senate Bill 1393 authorized the trial court to grant [Tolentino]'s petition, the order is an appealable order of the superior court in a felony case" (citing, inter alia, § 1237, subd. (b)).[11]

---

[10] As discussed *ante*, the sentencing minute order and abstract of judgment indicate that the trial court *struck* (rather than stayed) the punishments on Tolentino's prison priors.

[11] Tolentino makes no claim of error in this appeal regarding the trial court's denial of relief under Senate Bill 81 or Senate Bill 1393. Thus, we do not address those components of the July 5, 2024 order and deem any challenge to those rulings forfeited. (See *People v. Fuiava* (2012) 53 Cal.4th 622, 726–727.)

After appellate counsel filed the *Delgadillo* brief, we notified Tolentino that he could submit a supplemental brief on his own behalf.

In a supplemental letter brief to this court, Tolentino stated, inter alia, the following: "I have been appointed an attorney via Independent Defense Office of San Jose, California. She informed me that CDCR has added me to the list of people with a stayed or stricken prison prior."

After reviewing the record and briefing, this court requested supplemental briefing on five questions concerning: (1) whether and when the CDCR identified Tolentino to the trial court as a person serving a sentence that includes a legally invalid prior prison term enhancement (§ 1172.75(b)); (2) the effect, if any, such an identification should have on this court's consideration of Tolentino's appeal from the July 5, 2024 order; (3) if this court were to consider the merits of Tolentino's appeal, what error, if any, did the trial court commit and how we should remedy any such error; (4) whether the trial court had jurisdiction to rule on Tolentino's contention that he is eligible for relief under section 1172.1 and whether the court's order denying relief under that section is an appealable postjudgment order; and (5) if the trial court had jurisdiction to decide Tolentino's entitlement to relief under section 1172.1 and its July 5, 2024 order denying relief under that section is appealable, whether the court erred in denying relief and, if so, how we should remedy any such error.

## II. DISCUSSION

A. *Section 1172.75*

In his supplemental opening brief, and through concurrent record augmentation, Tolentino has informed this court that on or about October 1, 2024, the CDCR identified Tolentino to the trial court as a person serving a

7

sentence that includes a currently invalid prior prison term enhancement (see § 1172.75(b)).

Because the CDCR's identification of Tolentino under section 1172.75(b) postdated the trial court's July 5, 2024 order denying Tolentino's request for resentencing, we conclude the trial court lacked jurisdiction over Tolentino's petition to the extent it requested relief under section 1172.75. (See *People v. Escobedo* (2023) 95 Cal.App.5th 440, 447–448; *People v. Newell* (2023) 93 Cal.App.5th 265, 268; *People v. Burgess* (2022) 86 Cal.App.5th 375, 382 (*Burgess*); cf. *People v. Cota* (2023) 97 Cal.App.5th 318, 332–333.)

Notwithstanding Tolentino's acknowledgement that the trial court's order denying his petition for recall and resentencing under section 1172.75 is "void," he contends the trial court nonetheless erred under *People v. Espino* (2024) 104 Cal.App.5th 188 (*Espino*), review granted October 23, 2024, S286987, when it ruled that his sentence does not include a legally invalid prison prior.[12] Tolentino further contends CDCR's October 2024 identification of him under section 1172.75(b) renders appropriate a remand of this matter for further consideration of his sentence under section 1172.75.

The Attorney General responds that remand is not available because this court "lacks jurisdiction on appeal due to the absence of jurisdiction below" and our "only recourse [is] to dismiss the appeal." The Attorney General further acknowledges that given CDCR's October 2024 identification of Tolentino under section 1172.75(b), Tolentino "may file a new motion for resentencing pursuant to section 1172.75," and the trial court could consider anew whether Tolentino is entitled to a recall of his sentence and

---

[12] In *Espino*, a different panel of this court concluded that section 1172.75 mandates a recall and resentencing where a prior prison term enhancement was imposed but the punishment was struck. (*Espino*, *supra*, 104 Cal.App.5th at pp. 195–198.)

resentencing.  (See *Espino*, *supra*, 104 Cal.App.5th at pp. 195–198, review granted; see also *People v. Renteria* (2023) 96 Cal.App.5th 1276, 1282–1283 [§ 1172.75 requires resentencing for stayed prior prison term enhancements]; but see *People v. Rhodius* (2023) 97 Cal.App.5th 38, 40–41, 45, 48–49, review granted Feb. 21, 2024, S283169 [§ 1172.75 does not authorize resentencing for a stayed prior prison term enhancement].)

We agree with the Attorney General that the trial court's ruling denying Tolentino's request for recall and resentencing under section 1172.75 is not appealable.  Accordingly, we dismiss the portion of Tolentino's appeal that concerns the section 1172.75 component of the trial court's July 5, 2024 order.  We, likewise, lack jurisdiction to remand this matter based on that trial court ruling.  (See *Burgess*, *supra*, 86 Cal.App.5th at p. 382 [concluding that the appellate court lacked jurisdiction over the appeal because the trial court lacked jurisdiction to adjudicate the defendant's motion for resentencing]; see also *People v. Hernandez* (2024) 103 Cal.App.5th 1111, 1122–1123; *People v. King* (2022) 77 Cal.App.5th 629, 634–635.)

Nevertheless, we agree with the Attorney General that now that the CDCR has identified Tolentino as a person serving a sentence that includes a currently invalid prior prison term enhancement (see § 1172.75(b)), Tolentino can request that the trial court review his judgment, recall his sentence, and resentence him under section 1172.75.  (See *id.*, subd. (c); *Espino*, *supra*, 104 Cal.App.5th at p. 194, review granted.)

B. *Section 1172.1*

Regarding the trial court's denial of relief under section 1172.1, Tolentino asserts that the trial court had jurisdiction to rule on his assertion of eligibility for relief under section 1172.1 and, thus, the trial court's adverse ruling is an appealable order.  Tolentino urges us to disagree with two Courts

of Appeal decisions that dismissed appeals from orders denying relief under section 1172.1—namely, *People v. Hodge* (2024) 107 Cal.App.5th 985 (*Hodge*) and *People v. Faustinos* (2025) 109 Cal.App.5th 687 (*Faustinos*). Tolentino asserts that the trial court's order in this case shows the court elected to deny his petition on the merits and, therefore, it "entered an 'order' affecting [his] substantial rights." Tolentino further asserts that notwithstanding the trial court's quotation of outdated statutory language, we must presume the court understood its sua sponte discretion under section 1172.1 when it ruled on his petition (see Evid. Code, § 664).

Despite contending that the trial court's denial of relief under section 1172.1 is appealable, Tolentino concedes that no arguable issue exists for appeal from that denial of relief.

The Attorney General does not dispute "that the trial court had jurisdiction to recall [Tolentino]'s sentence on its own, had it wanted to do so. The applicable sentencing laws related to [Tolentino]'s sentence—[section] 1170.12 and [section] 667.5—have changed since the time of his original sentencing." Nonetheless, the Attorney General maintains that the trial court's denial of Tolentino's petition under section 1172.1 "is not an appealable order."

The Attorney General contends that notwithstanding a trial court's jurisdiction to recall a sentence on its own motion in certain circumstances (§ 1172.1, subd. (a)(1)), and a defendant's freedom to " 'invite' a court to exercise its jurisdiction," defendants "may not move for such a ruling." (See *id*. subd. (c) ["A defendant is not entitled to file a petition seeking relief from the court under this section. If a defendant requests consideration for relief under this section, the court is not required to respond."].) The Attorney General asserts that under the terms of section 1172.1, "the denial of [a

10

defendant's] invitation does not affect a defendant's substantial rights and is therefore not an appealable order."  (See § 1237, subd. (b).)

The Attorney General relies on *Hodge* and *Faustinos* (among other precedent) to support his argument against appealability.  In *Hodge*, the appellate court concluded that "a trial court's order declining to exercise its discretion under section 1172.1 to recall a defendant's sentence on its own motion after receiving the defendant's unauthorized request for such relief does not affect the defendant's substantial rights under section 1237, subdivision (b)."  (*Hodge, supra*, 107 Cal.App.5th at p. 999.)

Similarly, in *Faustinos*, the Court of Appeal concluded "there is no appellate jurisdiction over an order declining to act on a defendant's unauthorized section 1172.1 petition, even though a court may initiate a resentencing on its own motion."  (*Faustinos, supra*, 109 Cal.App.5th at p. 697.)  The *Faustinos* court further rejected an argument by the defendant that the trial court's order "may have indicated that the court erroneously believed that it lacked the authority to act on its own motion, which renders the order appealable."[13]  (*Ibid*.)  The *Faustinos* court reasoned, "we do not think that the [trial] court can transform a nonappealable order (stating that it would not act on an unauthorized motion) into an appealable one by addressing a matter that it needed not address (its jurisdiction to act on its own), even if it was wrong about that matter."  (*Id*. at p. 698.)

The *Faustinos* court, however, offered a caveat to its conclusion:  "The singular circumstance where we could correct a trial court error in declining to act on a defendant's unauthorized section 1172.1 petition is if a trial court

---

[13] The opinion describes the trial court's order as follows:  "The court took no action [on defendant's motion for resentencing], stating it '[did] not have jurisdiction to consider [the] motion.'"  (*Faustinos, supra*, 109 Cal.App.5th at p. 693.)

11

stated that it lacked discretion to initiate a section 1172.1 resentencing even with an applicable change in law. This error, though, would not deprive a defendant of a substantial right, as the defendant has no right to any order from the court on his section 1172.1 request. As to this error, though, [*People v. Fuhrman* (1997) 16 Cal.4th 930] indicates that a postjudgment petition for a writ of habeas corpus is available, rather than an appeal." (*Faustinos, supra*, 109 Cal.App.5th at p. 700.)

In his supplemental briefing, the Attorney General notes his disagreement with *Faustinos* regarding the availability of habeas corpus relief when a trial court erroneously states that it lacked discretion to initiate a section 1172.1 resentencing notwithstanding an applicable change in law. The Attorney General contends that "the available vehicle for addressing such an error would have been by petition for writ of mandate." The Attorney General further acknowledges that the trial court's July 5, 2024 order suggests "it was operating under the mistaken view that the earlier version of the law still applied. In its order denying recall, the court quoted language from the earlier version of the statute that did not include the new grant of authority for the court to recall a sentence on its own motion based on a change in sentencing laws." The Attorney General asserts that "a denial based on a trial court's misunderstanding of its jurisdiction is not an appealable order and is correctable by way of a petition for writ of mandate."[14]

Alternatively, the Attorney General contends that even assuming the trial court erred in concluding that it lacked authority to grant recall on its

---

[14] Tolentino does not address in his supplemental reply brief the Attorney General's contentions regarding the potential applicability of a mandate proceeding.

own motion, and such order is appealable, "there is no basis for concluding the court would have abused its discretion in not recalling [Tolentino]'s sentence had it recognized its authority to do so." (As alluded to *ante*, Tolentino does not make any contrary argument.)

In accord with the consensus of other Courts of Appeal, we conclude the trial court's ruling denying Tolentino relief under section 1172.1 is not an appealable order. (See *Hodge*, *supra*, 107 Cal.App.5th at pp. 995–999; *Faustinos*, *supra*, 109 Cal.App.5th at pp. 696–697; *People v. Roy* (2025) 110 Cal.App.5th 991, 998–999.) Tolentino had no right to petition the trial court for relief under section 1172.1, and the trial court was not required to respond to the section 1172.1 component of Tolentino's petition. (§ 1172.1, subd. (c).) Given Tolentino's position regarding the trial court's awareness of its discretion to recall his sentence on its own motion, we presume the court understood that it could act on its own motion and that it chose not to do so.[15] That the trial court chose not to act on its own motion, however, does not render the trial court's order appealable. We agree with the *Faustinos* court that a "trial court's discretionary decision not to initiate a proceeding on its own motion cannot be legal error that affects a defendant's substantial rights." (*Faustinos*, at p. 697.) In turn, we conclude that we have no appellate jurisdiction over the section 1172.1 component of the trial court's July 5, 2024 order. (*Ibid.*)

### III. DISPOSITION

The appeal is dismissed. Our dismissal of this appeal is without prejudice to Tolentino requesting that the trial court review his judgment and

---

[15] Based on this presumption, we do not consider whether a defendant may have an avenue for relief where the trial court mistakenly believed that it lacked the authority to act on its own motion even with an applicable change in sentencing law. (See *Faustinos*, *supra*, 109 Cal.App.5th at p. 700.)

exercise its authority to recall his sentence and resentence him under Penal Code section 1172.75.

_____
Danner, Acting P. J.

I CONCUR:


_____
Bromberg, J.


I CONCUR IN THE JUDGMENT ONLY:


_____
Lie, J.


**H052447**
***People v. Tolentino***